IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERASMO RUIZ-GAYTON, | § | |
| | § | |
| Movant, | § | |
| | § | No. 3:20-cv-00446-N (BT) |
| v. | § | No. 3:16-cr-00130-N-3 |
| | § | |
| UNITED STATES of AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Erasmo Ruiz-Gayton, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should deny Ruiz-Gayton's § 2255 motion.

I.

Ruiz-Gayton pleaded guilty to conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and 846. On August 13, 2018, the District Court sentenced him to 121 months' imprisonment. Ruiz-Gayton appealed to the Fifth Circuit Court of Appeals. His appellate attorney filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). On July 3, 2019, the Fifth Circuit agreed with

1

appellate counsel's assessment that the appeal presented no nonfrivolous issues for appellate review and dismissed the appeal. *United States v. Ruiz Gayton*, 772 F. App'x 233 (5th Cir. 2019) (per curiam).

Ruiz-Gayton then filed a § 2255 motion (CV ECF No. 1) and memorandum in support (CV ECF No. 2),[1] in which he argues:

(1) The indictment was legally deficient;

(2) There was no probable cause to support the traffic stop or his arrest;

(3) The evidence was insufficient to establish an unlawful conspiracy;

(4) The prosecutor engaged in prosecutorial misconduct; and

(5) His trial attorney provided ineffective assistance of counsel when he failed to

   a. "challenge misleading factors of the indictment," Mem. 2 (CV ECF No. 2),

   b. investigate, and

   c. file pretrial motions, especially a motion to suppress.

Ruiz-Gayton asks to have his seized property returned and to have his criminal case "dismissed." Mot. 11 (CV ECF No. 1). The Government responds that Ruiz-Gayton directly attacks his criminal judgment in the first, second, third, and fourth claims, but each of those claims is waived,

---

[1] For purposes of these Findings, Conclusions, and Recommendation, "CV ECF" refers to the civil action, Case No. 3:20-cv-00446-N-BT, and "CR ECF" refers to the criminal action, Case No. 3:16-cr-00130-N-3.

procedurally barred, or meritless. The Government further responds that all but one of Ruiz-Gayton's ineffective assistance of counsel claims are fatally conclusory. The one claim that is not fatally conclusory—Ruiz-Gayton's claim that his trial attorney was ineffective for failing to file a motion to suppress—fails because he waived his right to bring it, cannot demonstrate deficient performance, and has failed to allege cognizable prejudice. The Government concludes that Ruiz-Gayton's claims should be summarily denied, and his motion should be denied. Ruiz-Gayton filed a reply, and the motion is now ripe for determination.

II.

A. <u>Ruiz-Gayton's direct attacks on his criminal judgment are waived or procedurally defaulted</u>.

In Ruiz-Gayton's first, second, third, and fourth claims, he "attacks head-on," his criminal judgment. *United States v. Williamson*, 183 F.3d 458, 461 (5th Cir. 1999); *see also Villa-Sanchez v. United States*, 2017 WL 7804729, at *2 (N.D. Tex. Dec. 22, 2017) ("Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed.") (quoting *Williamson*, 183 F.3d at 462), *rec. adopted* 2018 WL 1083854 (N.D. Tex. Feb. 28, 2018).

1. Ruiz-Gayton waived his claims in a written plea agreement.

On April 18, 2017, Ruiz-Gayton pleaded guilty pursuant to a written plea agreement. (CR ECF Nos. 290, 314.) The plea agreement specifically included the following waiver provision:

> **Waiver of right to appeal or otherwise challenge sentence**: The defendant waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

(CR ECF No. 290 at 5.) Here, Ruiz-Gayton makes a direct attack on his criminal judgment, but his claims do not fall within any reservation of rights contained in his appellate-rights waiver provision.

There is no indication from the record that Ruiz-Gayton's appellate-rights waiver was not informed and voluntary. In fact, in his plea agreement, Ruiz-Gayton acknowledged that his guilty plea was "freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose." (CR ECF No. 290 at 5.) Ruiz-Gayton additionally acknowledged that he had "thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation ... [he] has received from his

4

lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement." (*Id.* at 6.) Ruiz-Gayton then conceded "that he [was] guilty, and after conferring with his lawyer, [he] has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case." (*Id.*) And at his plea colloquy, Ruiz-Gayton confirmed that he understood that he had agreed to give up his right to appeal or otherwise challenge his conviction, except in the limited circumstances listed in his plea agreement. (CR ECF No. 332 at 16-17).

Therefore, the Court should find that Ruiz-Gayton's first, second, third, and fourth claims are waived. *United States v. Walters*, 732 F.3d 489, 491 (5th Cir. 2013) (a collateral review waiver provision is generally enforced where the waiver "was knowing and voluntary, and if the waiver applies to the circumstances at hand") (citing *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005)); *see also United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

2. Ruiz-Gayton failed to raise his claims on direct appeal.

Ruiz-Gayton's first, second, third, and fourth claims are also procedurally defaulted. When a movant fails to raise a claim on direct appeal, the claim is procedurally defaulted and can only be considered under § 2255 if the movant can show cause for his failure to raise the claim on direct

5

appeal and actual prejudice, or that he is actually innocent. *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996); *see also United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). A movant bears the burden of demonstrating either cause and actual prejudice, or that he is actually innocent. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) (citing *Murray v. Carrier*, 477 U.S. 478, 485 (1986)). Ruiz-Gayton did not raise his first, second, third, and fourth claims on direct appeal. And he has not demonstrated cause and prejudice or actual innocence to excuse the procedural default. Accordingly, even if Ruiz-Gayton had raised his first, second, third, and fourth claims on direct appeal, the Fifth Circuit Court of Appeals would have dismissed them pursuant to the appellate rights waiver in his plea agreement. (CR ECF No. 290 at 5.)

Respondent also argues that Ruiz-Gayton's direct attacks to his criminal judgment are fundamentally meritless. Because Ruiz-Gayton's first, second, third, and fourth claims are waived and procedurally defaulted, the Court should pretermit consideration of this additional argument.

B. Ruiz-Gayton's ineffective assistance of counsel claims must fail.

Ruiz-Gayton has raised three ineffective assistance of counsel claims. Mem 2-3 (CV ECF No. 2).) Specifically, he argues that his trial attorney provided ineffective assistance of counsel when he failed to "challenge the misleading factors of the indictment"; investigate; and file pretrial motions, especially a motion to suppress. Mem. 2-3 (CV ECF No. 2).

1. By pleading guilty, Ruiz-Gayton waived his claim that his attorney was ineffective for failing to file a motion to suppress.

A guilty plea generally waives all nonjurisdictional defects in the proceedings. *See United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992) (citations omitted); *see also Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). "This includes all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Smith*, 711 F.2d at 682 (citations omitted). And "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see also United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991).

Ruiz-Gayton does not allege that his trial attorney's failure to file a motion to suppress somehow rendered his guilty plea involuntary. And at Ruiz-Gayton's guilty plea hearing, he openly admitted his guilt to the conspiracy charge. Consequently, Ruiz-Gayton waived his claim that his trial attorney provided ineffective assistance of counsel when he failed to file a motion to suppress.

2. Ruiz-Gayton's claim that his attorney was ineffective for failing to file a motion to suppress fails on the merits.

To prevail on a claim of ineffective assistance of counsel, a movant must show that: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense so gravely as to deprive him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Because Ruiz-Gayton's conviction was the result of a guilty plea, the issue is "whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985) (applying the two-pronged *Strickland* standard "to challenges to guilty pleas based on ineffective assistance of counsel"). This means that a movant alleging ineffective assistance of counsel where there was a guilty plea "must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error" and "would have insisted upon going to trial." *Armstead v. Scott*, 37 F.3d 202, 206, 210 (5th Cir. 1994) (citing *Hill*, 474 U.S. at 56-58; *see also Young v. Spinner*, 873 F.3d 282, 285 (5th Cir. 2017). The court's determination turns, at least in part, on "a prediction of what the outcome of a trial might have been." *Armstead*, 37 F.3d at 206.

8

Ruiz-Gayton argues that his trial attorney provided deficient performance when he failed to file pretrial motions, especially a motion to suppress. Mem. 2-3 (CV ECF No. 2) (claiming that his attorney's actions "lack[ed] moral dignity"). However, Ruiz-Gayton cannot demonstrate that his trial attorney provided deficient performance when he failed to move for suppression. "[T]he viability of [a] Fourth Amendment claim is inextricably intertwined with [the movant's] claim that his counsel rendered ineffective assistance in respect to failing to pursue a motion to suppress and in failing to advise him properly regarding the viability of such a claim in connection with pleading guilty." *United States v. Cavitt*, 550 F.3d 430, 435 (5th Cir. 2008) (internal quotation marks omitted).

On March 17, 2016, law enforcement officers observed Ruiz-Gayton in a Dodge Dually being directed by a codefendant to 7945 Olusta Drive in Dallas, Texas—a known stash house. (PSR ¶¶ 26, 29.) Officers observed Ruiz-Gayton hitching an empty trailer to the Dodge Dually and departing. (PSR ¶ 29.) Officers initiated a traffic stop after they saw Ruiz-Gayton driving on the improved shoulder, which is prohibited. (PSR ¶ 29.) He also had an unauthorized license plate coating/covering. (PSR ¶ 29.) The officers had reasonable suspicion to conduct the traffic stop on Ruiz-Gayton's vehicle. *See United States v Monsivais*, 848 F.3d 353, 357 (5th Cir 2017) (Law enforcement officers can detain a person for investigative and safety purposes "if they can point to 'specific and articulable facts' that give rise to

9

reasonable suspicion that a particular person has committed, is committing, or is about to commit a crime.") (quoting *United States v Hill*, 752 F.3d 1029, 1033 (5th Cir 2014)); *United States v. Brigham*, 382 F.3d 500, 506 (5th Cir. 2004) (en banc) (When law enforcement officers stop a vehicle and detain the occupants, it constitutes a "seizure" under the Fourth Amendment.); *see also United States v. Oyedepo*, 2020 WL 798320, at *2 (N.D. Tex. Feb. 18, 2020).

Ruiz-Gayton consented to a search of the Dodge Dually. Gov't's App. 12 (CV ECF No. 13). During the search, a K-9 officer alerted to both the passenger side of the truck and the middle of the trailer. (PSR ¶ 29.) Officers also discovered that Ruiz-Gayton had outstanding immigration charges. (PSR ¶ 29.) Thus, law enforcement had probable cause to arrest Ruiz-Gayton. On Mach 21, 2016, Ruiz-Gayton was arrested pursuant to a federal arrest warrant. (PSR ¶ 2.)

Both prongs of *Strickland* must be satisfied, but Ruiz-Gayton fails in this regard because he does not allege any prejudice *See Willie v. Maggio*, 737 F.2d 1372, 1292 (5th Cir. 1984) (recognizing that under *Strickland,* a petitioner must make "both showings" to demonstrate the conviction "resulted from a breakdown in the adversary process that renders the result unreliable"). Ruiz-Gayton does not show that if not for his attorney's allegedly deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *See Armstead*, 37 F.3d at 206. This deficiency

10

is fatal to Ruiz-Gayton's claim because, under the two-pronged *Strickland* standard, a movant must affirmatively demonstrate prejudice. *See Strickland*, 466 U.S. at 693; *see also Earvin v. Lynaugh*, 860 F.2d 623, 627 (5th Cir. 1988). Ruiz-Gayton fails to allege any prejudice, and he altogether fails to "affirmatively prove prejudice." *See Strickland*, 466 at 693. Ruiz-Gayton makes an insufficient showing on the prejudice prong of *Strickland*, so this Court need not address whether his attorney provided deficient performance. *See Armstead*, 37 F.3d at 210 ("A court need not address both components of the [*Strickland*] inquiry if the defendant makes an insufficient showing on one.").

The record does not suggest that Ruiz-Gayton would have demanded a trial if his trial attorney had suppressed all the evidence obtained during the traffic stop on March 17, 2016. "[T]he strong societal interest in finality has 'special force with respect to convictions based on guilty pleas.'" *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017) (quoting *United States v. Timmreck*, 441 U.S. 780, 784 (1979)). And for this reason, "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Id.*; *see also United States v. Lozano*, 757 F. App'x 348, 353 (5th Cir. 2018) (per curiam) (quoting *Lee*, 137 S. Ct. at 1967).

11

In this case, law enforcement officers received incriminating evidence against Ruiz-Gayton prior to the March 17, 2016 traffic stop. For example, officers captured him on a wiretap talking to a codefendant about distributing methamphetamine. (PSR ¶ 26; *see also* PSR ¶¶ 23, 33.) On March 15, 2016, law enforcement officers observed Ruiz-Gayton delivering yellow plastic containers, which appeared to be antifreeze containers, but contained methamphetamine. (PSR ¶ 26; CR ECF No. 291 at 2.) That evidence was obtained by law enforcement just two days prior to the March 17, 2016 traffic stop, and it was sufficient to form the basis of the conspiracy charge. (CR ECF No. 290-91.) Officers had all this evidence prior to the March 17, 2016 traffic stop, and they obtained it independently from the evidence they gathered after his arrest on March 21, 2016. Ruiz-Gayton has not and cannot point to any contemporaneous evidence that demonstrates he would have insisted on going to trial if his trial attorney had filed a motion to suppress. *See Hill*, 474 U.S. at 52; *Cavitt*, 550 F.3d at 441; *see also United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) ("Counsel is not required by the Sixth Amendment to file meritless motions.").

In sum, Ruiz-Gayton's claim that his attorney was ineffective for failing to file a motion to suppress is both waived and meritless. The Court should deny that claim.

C. Ruiz-Gayton's remaining ineffective assistance of counsel claims are legally insufficient.

In his two remaining claims, Ruiz-Gayton argues that his trial attorney provided ineffective assistance of counsel when he failed to "challenge misleading factors of the indictment" and investigate. Mem. 2-3 (CV ECF No. 2). These two claims are so conclusory that they are legally insufficient.

Although *pro se* filings are liberally construed, this does not mean the court must develop the arguments on behalf of the litigant. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) ("[M]ere conclusory allegations on critical issues are insufficient to raise a constitutional issue."). Federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition ... mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983)); *see also Lookingbill v. Cockrell*, 293 F.3d 256, 263 (5th Cir. 2002) (noting that where a habeas petitioner fails to brief an argument adequately, it is considered waived). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

13

Ruiz-Gayton's two remaining ineffective assistance of counsel claims lack the details necessary for this Court to address them. For example, Ruiz-Gayton argues that there were "misleading factors" in his indictment that his trial attorney should have challenged, but he fails to elaborate or otherwise explain what he means. Mem. 2 (CV ECF No. 2.) Additionally, Ruiz-Gayton argues that his trial attorney should have filed pretrial motions to test the "legality of the government's evidence." *Id.* Both of these claims are so conclusory that they are legally insufficient. Therefore, Ruiz-Gayton's two remaining ineffective assistance of counsel claims are subject to summary dismissal.

### III.

The District Court should DENY Ruiz-Gayton's motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255.

Signed September 16, 2022.

REBECCA RUTHERFORD
U.S. MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).