IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERASMO RUIZ-GAYTON, #53976-177,   Movant, | § § § § § § § § § | No. 3:20-cv-00446-N-BT No. 3:16-cr-00130-N-3 |
| v. | | |
| UNITED STATES OF AMERICA, | | |
| Respondent. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a motion by Erasmo Ruiz-Gayton to proceed *in forma pauperis* on appeal (ECF No. 22). For the following reasons, the Court should deny Ruiz-Gayton's motion.

I.

To proceed *in forma pauperis* on appeal, an appellant must show financial eligibility and a nonfrivolous issue for appeal. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Under Federal Rule of Appellate Procedure 24(a)(3)(A), an appellant is ineligible for *in forma pauperis* status if the court certifies that the appeal is not taken in good faith. "Good faith" means that the issues on appeal are not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). When the underlying claims are "entirely frivolous and had no possibility of success," the appeal is not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 201-02 (5th Cir. 1997). The determination of whether

1

good faith exists "is limited to whether the appeal involves legal points arguable on the merits (and therefore not frivolous)." *United States v. Moore*, 858 F. App'x 172, 172 (5th Cir. 2021) (per curiam) (quoting *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted)). A district court has discretion in deciding whether to grant or deny a request to proceed *in forma pauperis*. *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982) (per curiam) (citing *Green v. Estelle*, 649 F.2d 298, 302 (5th Cir. 1981)).

## II.

Ruiz-Gayton initiated this action by filing a motion to vacate, set-aside, or correct his sentence under 28 U.S.C. § 2255. (ECF No. 1.) Ruiz-Gayton raised five general claims, and the magistrate judge addressed each and recommended the Court deny the § 2255 motion. FCR (ECF No. 16). Ruiz-Gayton did not file any objections. On October 28, 2022, the District Court accepted the recommendation, denied a certificate of appealability (COA), and entered judgment. Ord. (ECF No. 19); J. (ECF No. 20).

At that time, the Court found that Ruiz-Gayton failed to show that "reasonable jurists would find this Court's 'assessment of the constitutional claims debatable or wrong,'" "reasonable jurists would find it debatable whether the [motion] state[d] a valid claim of the denial of a constitutional right,'" or "whether [this Court] was correct in its procedural ruling." Ord. 1-2 (ECF No. 19) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)).

As noted, the Court previously concluded that Ruiz-Gayton's claims lacked merit and denied a certificate of appealability. Incorporating the magistrate judge's Findings, Conclusions, and Recommendation and the Court's adoption order, which denied a certificate of appealability, the Court should certify that the appeal is not taken in good faith. Specifically, the appeal presents no legal point of arguable merit, and it would be frivolous. *See Howard, 707 F.2d at 220*.

### III.

The Court should find Ruiz-Gayton's appeal is not taken in good faith and DENY his motion for leave to proceed *in forma pauperis* on appeal.

If the Court denies Ruiz-Gayton's request to proceed *in forma pauperis* on appeal, he may challenge that finding by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit within 30 days from the date of this order. *See Baugh, 117 F.3d at 202*; *see also* Fed. R. App. P. 24(a)(5).

Signed January 5, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).